UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LOWDER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND MADDEN,<br><br>　　　　　Respondent. | No.  2:15-cv-0912 AC P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner has also consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5.

　　　　In the petition, petitioner challenges his conviction on two grounds. ECF No. 1 at 4. In Ground 1 he alleges that his due process rights were violated when the trial court improperly admitted prejudicial evidence. Id. In Ground 2 he contends that defense counsel was ineffective by failing to object to the prejudicial evidence. Id. However, petitioner indicates that he has not exhausted Ground 2 in state court. Id. at 5.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). In light of petitioner's failure to exhaust his state court remedies on Ground 2, his options are to (1) voluntarily dismiss his unexhausted Ground 2 and proceed on the exhausted Ground 1 only or (2) seek a stay of the instant action pending exhaustion of the unexhausted claim.

If petitioner wishes the petition to be maintained as a mixed petition containing both exhausted and unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that (1) good cause is shown for a failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Id., at 277-78.

Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Pursuant to the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under a Kelly stay is as follows: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his federal petition to reincorporate the newly exhausted claims. Kelly,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

315 F.3d at 1070-71.  The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious.  However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim."  King, 564 F.3d at 1141.

Petitioner must file a notice within twenty-eight days stating how he wishes to proceed.  If petitioner wishes to proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.  If petitioner wants to stay this case while exhausting Ground 2 in state court, he must specify whether he seeks a stay under Rhines or under Kelly.  If he wishes to proceed in this court on a mixed petition, he must file a motion for a stay addressing the Rhines factors, showing good cause for his failure to have first exhausted Ground 2 in state court, that each of these claims potentially have merit, and that there is no evidence he has been intentionally dilatory in pursuing the litigation.  In the alternative, petitioner may request a Kelly stay as outlined in King v.Ryan, supra.  As previously noted, a Kelly stay does not guarantee the timeliness of claims exhausted in the future and then re-presented to this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Within twenty-eight days of the filing of this order, petitioner shall file a notice addressing how he wishes to proceed as to his unexhausted claim.

3. If petitioner seeks a stay, within twenty-eight days of the filing of this order, he shall file a motion for a stay in accordance with this order.

DATED: October 26, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE